UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAIFUSIN CHIU,<br><br>            Plaintiff,<br><br>     v.<br><br>ALL CHURCHES OUTSIDE CULTURE, *et al.*,<br><br>            Defendants. | Case No.  2:24-cv-00472-TLN-JDP (PS)<br><br>**ORDER**<br><br>GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>ECF No. 2<br><br>**FINDINGS AND RECOMMENDATIONS**<br><br>THAT PLAINTIFF'S COMPLAINT BE DISMISSED WITHOUT LEAVE TO AMEND<br><br>ECF No. 1<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Plaintiff filed a complaint purporting to assert claims against All Churches Outside Culture and Donald Trump, together with an application to proceed *in forma pauperis*. His complaint, however, fails to state a claim, and I will recommend that it be dismissed. I will grant plaintiff's application to proceed *in forma pauperis*, ECF No. 2, which makes the showing required by 28 U.S.C. §§ 1915(a)(1) and (2).

**Screening and Pleading Requirements**

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

1

1  face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not
2  require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.
3  662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere
4  possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not
5  identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
6  1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that
7  give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
8  n.2 (9th Cir. 2006) (en banc) (citations omitted).

9      The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404
10  U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it
11  appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
12  would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
13  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
14  of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
15  1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

16  **Analysis**

17      The complaint is largely incoherent and fails to assert any cause of action against either
18  defendant.  *See generally* ECF No. 1.  The complaint contains nonsensical sentences and provides
19  no allegations of alleged wrongdoing.  For example, plaintiff writes, "Medal of Honor versus
20  Purple Heart The President Show Down 900 Spetillion Number 99 USD Quora's Number
21  President Show Down and USD Infinite President Show down Maximum Number to Infinite
22  Number USD President. . . ."  *Id.* at 1.

23      The complaint fails to comport with Rule 8's requirement that it present a short and plain
24  statement of plaintiff's claims.  Fed. R. Civ. P. 8(a).  Plaintiff names "all churches outside
25  culture" and Donald Trump as defendants but asserts no discernable facts relating to them.
26  Moreover, plaintiff's allegations do not identify any actions taken by defendants that could
27  support a claim for relief.  *See Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984)
28  ("The plaintiff must allege with at least some degree of particularity overt acts which defendants

engaged in that support the plaintiff's claim."). Plaintiff must allege with at least some degree of particularity overt acts of defendants that support his claims. *Id.*

Plaintiff has filed several complaints within the last year that resemble in some manner the instant complaint, and none have survived screening. *See Chiu v. Trump*, 2:22-cv-00764-KJM-AC (PS) (May 11, 2022 E.D. Cal.) (plaintiff's complaint dismissed without leave to amend and with prejudice); *Chiu v. President of the United States*, 2:22-cv-00809-TLN-DB (PS) (Oct. 24, 2022 E.D. Cal.) (plaintiff's complaint dismissed without leave to amend); *Chiu v. Extra Storage Space*, 2:23-cv-00099-KJM-AC (PS) (Jan. 23, 2023 E.D. Cal.) (plaintiff's complaint dismissed without leave to amend); *Chiu v. President of U.S.*, 2:23-cv-00098-KJM-JDP (PS) (July 11, 2023 E.D. Cal.) (plaintiff's complaint dismissed without leave to amend); *Chiu v. Bank of America*, 2:23-cv-01201-KJM-AC (PS) (Aug. 28, 2023 E.D. Cal.) (plaintiff's complaint dismissed without leave to amend); *Chiu v. President of U.S.*, 2:23-cv-00835-DJC-JDP (PS) (Jan. 16, 2024 E.D. Cal.) (plaintiff's complaint dismissed without leave to amend); *Chiu v. Bank of America*, 2:23-cv-01200-KJM-JDP (PS) (Feb. 5, 2024 E.D. Cal.) (plaintiff's complaint dismissed without leave to amend).

The operative complaint should be dismissed for failure to state a claim. In light of the complaint's allegations, I find that granting plaintiff an opportunity to amend would not cure the complaint's deficiencies, and so I recommend that dismissal be without leave to amend. *See Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (per curiam) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks and citations omitted).

Accordingly, it is hereby ORDERED that plaintiff's request for leave to proceed *in forma pauperis*, ECF No. 2, is granted.

Furthermore, it is hereby RECOMMENDED that:

1. Plaintiff's complaint, ECF No. 1, be dismissed without leave to amend.
2. The Clerk of Court be directed to close this matter.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   March 11, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4